ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

HILLARY T. IRVIN (MDBN 1712130257)
SOPHIA COOPER (CABN 320373)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7181
Fax: (415) 436-7027
Hillary.Irvin@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> OLVIN ISAAC GUTIERREZ-NUNEZ, ET AL, <br><br> Defendants. | No. 23-CR-30-SI <br><br> STIPULATION AND [PROPOSED] ATTORNEYS-EYES-ONLY PROTECTIVE ORDER |

The defendants are both charged with offenses related to trafficking fentanyl, in violation of 21 U.S.C. § 841(a). On July 25, 2023, the Court issued a protective order regarding the production of "Protected Material." (Dkt. 106.) However, that order did not contemplate the disclosure of materials containing witness identifying information to defense counsel for Attorneys' Eyes Only. To balance the needs of the defendants in obtaining such materials to prepare their defenses and the need to protect witnesses from potential harm, the parties have agreed that the defense counsel's use and possession of materials designated "ATTORNEYS' EYES ONLY" will be subject to the following restrictions:

1.     The ATTORNEYS' EYES ONLY materials shall be treated as PROTECTED materials subject to all of the restrictions in the July 25, 2023, Protective Order in this case. (Dkt. 106.) To the

extent the prior Protective Order and the ATTORNEYS' EYES ONLY Protective Order conflict, the ATTORNEYS' EYES ONLY Protective Order shall govern the restrictions on ATTORNEYS' EYES ONLY materials.

2. Only noticed counsel of record for each defendant may examine the ATTORNEYS' EYES ONLY materials for the sole purpose of preparing the defense in this case and for no other purpose.

3. The defendants may NOT have access to the ATTORNEYS' EYES ONLY materials, and the content/substance of those materials may not be discussed with the defendant or anyone else not approved to review the materials.

4. If defense counsel determines that additional persons are needed to review the ATTORNEYS' EYES ONLY materials, he or she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

5. A copy of this ATTORNEYS' EYES ONLY Protective Order shall be maintained with the ATTORNEYS' EYES ONLY materials at all times.

6. No other person shall be allowed to examine the ATTORNEYS-EYES-ONLY MATERIALS. The contents/substance of the ATTORNEYS-EYES-ONLY MATERIALS shall not be shared with anyone without further order of the Court. Examination of the ATTORNEYS-EYES-ONLY MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

7. If defense counsel determines that additional persons are needed to review the ATTORNEYS-EYES-ONLY MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to review the materials, subject to the following qualification. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further

involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection. To the extent the parties agree that additional persons may review the ATTORNEYS-EYES-ONLY MATERIALS, those individuals other than defense counsel who receive access to the ATTORNEYS-EYES-ONLY MATERIALS, <u>prior to receiving access to the materials</u>, shall sign a copy of this ATTORNEYS-EYES-ONLY Protective Order acknowledging that:

      a. They have reviewed this Order;

      b. They understand its contents;

      c. They agree that they will only review and/or access the ATTORNEYS-EYES-ONLY MATERIALS for the purpose of preparing the defense; and

      d. They understand that failure to abide by this Order may result in sanctions by this Court.

Any such signed copies shall be maintained by counsel for the parties and shall be made available upon request under seal to the Court.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

//
//
//
//
//
//
//
//
//
//

The undersigned Assistant United States Attorney certifies that she has obtained approval from counsel for each defendant to file this stipulation and proposed order.

**IT IS SO STIPULATED.**

|  |  |
|---|---|
|  | ISMAIL J. RAMSEY<br>United States Attorney |
| Dated: August 3, 2023 | /s/_____<br>HILLARY IRVIN<br>SOPHIA COOPER<br>Assistant United States Attorneys |
| Dated: August 3, 2023 | /s/_____<br>ELIZABETH FALK<br>Assistant Federal Public Defender<br>Counsel for Marvin Rodriguez Flores a/k/a Carlos Cruz Medina |
| Dated: August 3, 2023 | /s/_____<br>JAMES VAUGHNS<br>Counsel for Olvin Isaac Gutierrez Nunez |

**IT IS SO ORDERED.**

Dated: _____

_____
SUSAN ILLSTON
United States District Judge